UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC DANIELS,
SAMUEL L. DANIELS,

             Plaintiffs,

                       <u>DECISION AND ORDER</u>

                       05-CV-6058L

     v.

FRANK C. D'AURIZO,
New York State Police Investigator,
ROBERT A. FAYNOR,
New York State Police Investigator,
BARRY C. CHASE,
New York State Police Investigator,


             Defendants.
_____

## Introduction

Plaintiffs Erik K. Daniels ("Erik Daniels") and Samuel L. Daniels ("Samuel Daniels") (collectively "plaintiffs"), proceeding *pro se*, bring this action against defendants Frank C. D'Aurizio ("D'Aurizio"), Robert A. Faynor ("Faynor") and Barry C. Chase ("Chase") (collectively "defendants"). Plaintiffs allege that defendants, acting in their official capacities as New York State Police Investigators, falsely arrested and imprisoned them on February 14, 2002, all in violation of 42 U.S.C. §1983.

On or about February 10, 2002, defendants were investigating allegations of criminal sexual conduct that had been made by a minor female.  In the course of their investigation, defendants obtained sworn statements by two individuals, Donald Jackson ("Jackson") and Jackie Gay, Jr. ("Gay"), stating that Jackson, Gay, and plaintiffs were among a group of several men who engaged in oral sex with a minor girl, aged 14, on February 9, 2002.

Based upon Jackson's and Gay's statements, on February 14, 2002, defendants placed plaintiffs under arrest pursuant to Penal Law §§ 130.45 and 260.10, which respectively provide that a person is guilty of a criminal sex act in the second degree where, "being eighteen years or more, he or she engages in oral sexual conduct . . . with another person less than fifteen years old," and that a person is guilty of endangering the welfare of a child where, "[h]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old."  N.Y. Penal Law §§ 130.45, 260.10.

Defendants now move for summary judgment pursuant to Fed. R. Civ. Proc. 56 to dismiss plaintiffs' claims, on the grounds that they had probable cause to arrest the plaintiffs, and in any event, are entitled to qualified immunity.  For the reasons set forth below, the defendants' motion to dismiss (Dkt. #31) is granted, and the Complaint is dismissed.

## Discussion

**I.      Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

Where, as here, the parties opposing summary judgment are proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003). Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

## II.     Plaintiffs' Claims Pursuant to Section 1983

In order to maintain their claims for false arrest, false imprisonment, and malicious prosecution under Section 1983, plaintiffs must show that the defendants violated their Constitutional or federal statutory rights – here, plaintiffs' Fourth Amendment right to be free from unreasonable seizures – and that defendants did so while acting under color of state law. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

To establish a claim of false arrest, false imprisonment, or a violation of civil rights arising therefrom, a plaintiff must prove that the underlying arrest lacked probable cause. *Weyant v. Okst*,

101 F.3d 845, 852 (2d Cir. 1996). As such, the existence of probable cause is "a complete defense to [a civil rights action arising from an arrest]," whether brought under state law or Section 1983. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994).

Although an arrest may not be grounded solely on a "hunch," *United States v. Patrick*, 899 F.2d 169, 174 (2d Cir. 1990), "a probable cause determination does not require proof beyond a reasonable doubt; it is the mere probability of criminal activity, based on the totality of the circumstances, that satisfies the Fourth Amendment." *Donovan v. Briggs*, 250 F. Supp. 2d 242, 251 (W.D.N.Y. 2003), *quoting Hahn v. County of Otsego*, 820 F. Supp. 54, 55 (N.D.N.Y. 1993). As such, "the standard for establishing probable cause is not a particularly stringent one. It does not require proof of a suspect's guilt beyond a reasonable doubt. Instead, probable cause to arrest exists when the known facts are 'sufficient to warrant a person of reasonable caution in the *belief* that the person to be arrested has committed or is committing a crime.'" *Donovan*, 250 F. Supp. 2d 242 at 253, *quoting Jocks v. Tavernier*, 316 F.3d 128 at 135 (2d Cir. 2003)(emphasis in original). *See also Loria v. Gorman*, 306 F.3d 1271, 1288-89 (2d Cir. 2002) ("probable cause is an assessment of probabilities, not an ascertainment of truths").

It is well-settled that a law enforcement official has probable cause to undertake an arrest where he has received the pertinent information from some individual – typically, the alleged victim or an eyewitness. *Donovan*, 250 F. Supp. 2d 242 at 251. *See also Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000).

Here, plaintiffs' arrest was based on sworn statements by two eyewitnesses who testified that they were accomplices to the crimes for which the plaintiffs were arrested. It is undisputed that the

statements of the accomplice-witnesses alleged facts which, if true, establish the crimes of sodomy in the second degree and child endangerment as defined by New York Penal Law. Those statements identify the plaintiffs, longtime acquaintances of the accomplice-witnesses, as the perpetrators.

I find that the undisputed facts establish that the defendants had probable cause to arrest the plaintiffs for those crimes on February 14, 2002. Although plaintiffs speculatively claim that the statements of Jackson and Gay were coerced or were manipulated in some way by defendants to "look credible," plaintiffs offer no evidence to support those claims, or to otherwise suggest that the statements were not "sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Donovan*, 250 F. Supp. 2d 242 at 253.

Plaintiffs also argue that Jackson's statement was particularly incapable of establishing probable cause, because plaintiffs overheard police officers offering Jackson a reduced charge in exchange for his statement implicating the other participants in the underlying crime. However, plaintiffs offer no evidence that Jackson was asked or induced to be untruthful in identifying the other participants, and the mere fact that Jackson was rewarded for the act of giving a statement does not, by itself, suggest that its contents were false.

Having found that probable cause for plaintiffs' arrest existed, I need not reach the issue of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Nevertheless, I find that even if probable cause was lacking or questionable, defendants are entitled to qualified immunity.

Qualified immunity shields public officials from an action for civil damages, to the extent that their challenged acts do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Specifically, the doctrine applies where it is "objectively reasonable" for an official to believe that his conduct did not violate such a right, in light of clearly established law and in the information possessed by the official. *See Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994). In determining whether defendants are entitled to qualified immunity, the Court must focus on "objective circumstances rather than an officer's subjective motivation." *Bradway v. Gonzales*, 26 F.3d 313, 319 (2d Cir. 1994).

With respect to claims relating to false arrest, an arresting officer is entitled to qualified immunity if: (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. *See Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995); *Wachtler v. County of Herkimer*, 35 F.3d 77, 81 (2d Cir. 1994**).**

As noted above, the undisputed facts presented here establish that the plaintiffs' arrest was grounded upon the sworn statements of two witness-accomplices which explicitly described plaintiffs' participation in criminal sexual activity with a minor. No evidence has been presented that the statements were obtained in a manner which a reasonable officer could have believed was in violation of the plaintiffs' constitutional rights, or that once the statements were obtained, no reasonable officer could have believed that they furnished probable cause.

Accordingly, plaintiffs' claims of false arrest, false imprisonment, and malicious prosecution must be dismissed.

**Conclusion**

For the foregoing reasons, I find that there are no material issues of fact, that defendants had probable cause to arrest the plaintiffs on February 14, 2002 and further are entitled to qualified immunity against the plaintiffs' claims, and that defendants are therefore entitled to judgment as a matter of law.  Accordingly, defendants' motion for summary judgment dismissing the Complaint (Dkt. #31) is granted, and the Complaint is dismissed in its entirety, with prejudice.  Plaintiffs' pending motions to add Cory Jackson as an additional plaintiff (Dkt. #30) and to submit an affidavit from him (Dkt. #36) are denied as moot.  Cory Jackson's motion to proceed *in forma pauperis* (Dkt. #28) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 9, 2008.